Dear Senate Meugge,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Does the Oklahoma Insurance Commissioner have authority to require insurance companies writing bail bonds in Oklahoma to put up a deposit of cash or eligible securities with the Department of Insurance which could exceed the $300,000.00 statutory minimum amount required of any company to transact the business of insurance in Oklahoma?
¶ 1 Your question relates to the business practice of insurance companies underwriting bail bonds as sureties and the authority of the Insurance Commissioner to regulate the amount of cash or eligible securities they must have on deposit with this State. To answer this question, we must explain the basic practice of bail bonding in Oklahoma and the fundamental requirements for insurance companies to conduct business in Oklahoma.
¶ 2 Generally, a criminal defendant may be released from jail prior to his judicial appearances upon the posting of cash, property, or sufficient sureties as security with the court for his subsequent appearances. See 22 O.S. 1101, 22 O.S. 1102
(1991). As an alternative to the individual, his family or friends posting bail, this service may be obtained commercially for a fee through a bail bondsman licensed pursuant to 59 O.S.1301 — 59 O.S. 1340 (1991-1999). As one of several alternatives for bail, the bondsman can use "surety insurance" as security for "guaranteeing and executing bonds, undertakings and contracts of suretyship," which the Oklahoma Insurance Code[1] authorizes insurance companies to underwrite. 36O.S. 708(2) (1991). As with any insurance company doing business in Oklahoma, these surety insurance companies must comply with the following deposit requirement:
 "A. Any insurance company which incorporates or is authorized initially to transact the business of insurance in Oklahoma after the effective date of this act shall not be issued a certificate of authority by the Insurance Commissioner unless it has deposited in trust with the State Treasurer through the Insurance Commissioner's office cash or securities eligible for the investment of capital funds of domestic insurers under this Oklahoma Insurance Code in an amount not less than Three Hundred Thousand Dollars ($300,000.00)."
See 36 O.S. 613 (1991) (emphasis added).
¶ 3 Because Section 36 O.S. 613 requires the deposit to be not less than $300,000.00, it is clear that the amount may be greater. Also, the statutory requirement "each insurer writing bail bonds in this state shall file monthly reports . . . with the Commissioner . . . which shall include the . . . amount of deposit held by the Commissioner" presupposes that the deposit may vary in amount. 36 O.S. 4904(C) (1999), 36 O.S.4904(C)(1).
¶ 4 The Insurance Commissioner is charged with the duty to administer and enforce the Oklahoma Insurance Code, including the promulgation of rules. See 36 O.S. 307/36 O.S. 307.1
(1991-1999). Also, the Insurance Commissioner is statutorily empowered to administer the bail bonding statutes and to promulgate rules as to bail bonding. See 59 O.S. 1302(A) (1991). Therefore, the Insurance Commissioner has statutory authority to require insurance companies writing bail bonds in Oklahoma to put up a deposit of cash or eligible securities which could exceed the $300,000.00 statutory minimum amount required of any company to transact the business of insurance in Oklahoma.See 59 O.S. 1302(A) (1991); 36 O.S. 307/36 O.S. 307.1;36 O.S. 613 (1991-1999).
¶ 5 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Oklahoma Insurance Commissioner has statutory authority to require insurance companies writing bail bonds in Oklahoma to put up a deposit of cash or eligible securities which could exceed the $300,000.00 statutory minimum amount required of any company to transact the business of insurance in Oklahoma. See 59 O.S. 1302(A) (1991); 36 O.S. 307/36 O.S. 307.1; 36 O.S. 613 (1991).
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 JOHN CRITTENDEN ASSISTANT ATTORNEY GENERAL
[1] 36 O.S. 101 — 36 O.S. 5125 (1991-1999).